# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 24-1886, Kimberly LaFave v. The County of Fairfax, Va. |
| **Originating No. & Caption** | 1:23-cv-1605-WBP, LaFave v. The County of Fairfax, Va. |
| **Originating Court/Agency** | E.D.Va. |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S. Code § 1291 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | Aug. 23, 2024 |
| Date notice of appeal or petition for review filed | Sept. 9, 2024 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | |
| Date order entered disposing of any post-judgment motion | |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ◉ Yes   ○ No |
| If appeal is not from final judgment, why is order appealable? | |

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.)

| Is settlement being discussed? | ○ Yes | ◉ No |
|---|---|---|

1/28/2020 SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ● Yes | ○ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | 4th: 24-1799, 23-1719 | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

A Second Amendment and Fourteenth Amendment challenge by individual law-abiding, firearm possessing citizens challenging Fairfax County's ban on firearms in public parks and at, or adjacent to, permitted events or events that would otherwise require a permit. Plaintiffs sought a declaratory judgment declaring the law's unconsitutionality, and a permanent injunction prohibiting its enforcement.

Parties filed cross-motions for summary judgment. The District Court denied the individual Plaintiffs' motion, and granted the Defendant County's motion, upholding the ban.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Do the following two provisions of the Fairfax County Code infringe on the right of the people to keep and bear arms guaranteed by the Second Amendment to the United States Constitution, and thus void:<br>(A) Section 6-2-1(A)(2), which provides in pertinent part: " The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in ... any public park owned or operated by the County, or by any authority or local government entity created or controlled by the County."<br>(B) Section 6-2-1(A)(4), which provides in relevant part: " The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in ... any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and . . . is adjacent to a permitted event or an event that would otherwise require a permit."<br>2. Is the following portion of § 6-2-1(A)(4) of the Fairfax County Code vague and thus violate the due process clause of the Fourteenth Amendment: " The possession, carrying, or transportation of any firearms, ammunition, or components or combination thereof is prohibited in ... any public street, road, alley, or sidewalk or public right-of-way or any other place of whatever nature that is open to the public and is being used by or is adjacent to . . . an event that would otherwise require a permit." |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: County of Fairfax, Va. | Adverse Party: Kevin Davis |
| Attorney: Douglas Kay<br>Address: Offit Kurman, 800 Towers Crescent Dr., # 1400, Tysons Corner, VA 22182 | Attorney: Douglas Kay<br>Address: Offit Kurman, 800 Towers Crescent Dr., # 1400, Tysons Corner, VA 22182 |
| E-mail: : dkay@offitkurman.com | E-mail: dkay@offitkurman.com |
| Phone: 703.745.1810 | Phone: 703.745.1810 |

| **Adverse Parties (continued)** ||
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| Appellant (Attach additional page if necessary.) | |
|---|---|
| Name: Kimberly LaFave<br><br>Attorney: Trey Mayfield<br>Address: Chalmers Adams Backer & Kaufman, LLC, 10521 Judicial Dr., #200, Fairfax, VA 22030<br><br>E-mail: tmayfield@chalmersadams.com<br><br>Phone: 703-268-5600 | Name: Glenn Taubman<br><br>Attorney: Trey Mayfield<br>Address: Chalmers Adams Backer & Kaufman, LLC, 10521 Judicial Dr., #200, Fairfax, VA 22030<br><br>E-mail: tmayfield@chalmersadams.com<br><br>Phone: 703-268-5600 |
| **Appellant (continued)** | |
| Name: Robert Holzhauer<br><br>Attorney: Trey Mayfield<br>Address: Chalmers Adams Backer & Kaufman, LLC, 10521 Judicial Dr., #200, Fairfax, VA 22030<br><br>E-mail: tmayfield@chalmersadams.com<br><br>Phone: 703-268-5600 | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

Signature: *[signed] Trey Mayfield*   Date: Sept. 27, 2024

Counsel for: Appellants

**Certificate of Service** (*required for parties served outside CM/ECF*): I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:   Date: